UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TIMOTHY DAVID TAYLOR** | **CIVIL ACTION NO. 12-556-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for disposition.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Timothy David Taylor ("Petitioner"), pursuant to 28 U.S.C. § 2254. This petition was received and filed in this court on March 1, 2012. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction and sentence. Petitioner names Warden Burl Cain as respondent.

Petitioner was convicted in the Louisiana Forty-Second Judicial District Court, Parish of DeSoto, of one count of first degree murder. He was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence. State v. Taylor, 855 So.2d 958, 37,356 (La. App.2 Cir. 9/26/03). The Supreme Court of Louisiana denied writs of review. State v. Taylor, 869 So.2d 848, 2003-3141 (La. 3/19/04).

In support of this petition, Petitioner claims the State withheld exculpatory evidence of proper venue, thus allowing the state court to improperly invoke criminal jurisdiction in the wrong venue.

For the reasons stated below, Petitioner's complaint should be dismissed.

## LAW AND ANALYSIS

At the time of the murder and when the charge was instituted in 1999, La. Code of Crim. Proc. art. 611 provided that trials were to take place in the parish where the offense was committed. "If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred."

Counsel for Petitioner did not raise venue on direct appeal. Petitioner claims he made numerous requests to obtain a copy of the State's files. He claims that on or about September 15, 2010, he finally received a copy of the State's files. He states that after reviewing the State's files, he discovered that the prosecution had suppressed evidence of proper venue.

On or about February 1, 2011, Petitioner filed a post-conviction relief application in the state trial court. The trial court denied the application as time barred pursuant to La. C.Cr.P. art. 930.8. On April 21, 2011, the Louisiana Second Circuit Court of Appeal denied his application for writs of review citing La. C.Cr.P. art. 930.8. On February 10, 2012, the Supreme Court of Louisiana also denied writs of review citing La. C.Cr.P. art. 930.8.

Petitioner's substantive argument is that the trial court improperly invoked criminal jurisdiction in a first degree murder trial where the State could not establish proper venue by a preponderance of the evidence as to where the crime allegedly occurred. The habeas statute provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011). This includes arguments about improper venue. Reynolds v. Cain, 2014 WL 688973, *6 n. 9 (M.D. La. 2014); Suratt v. Cain, 2008 WL 2073995 (W.D. La. 2008). Habeas relief is not available on the improper venue claim.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DENIED**.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 19th day of February, 2015.

Mark L. Hornsby
U.S. Magistrate Judge